## HEREFORD vs. SACRAMENTO COUNTY.

*Sixth Judicial District, September* 1857.

### DISTRICT ATTORNEY'S FEES.

The fees of a District Attorney, allowed by statute upon conviction, are not a county charge by law, when they cannot be collected of the defendant.

*Hereford,* for plaintiff.

—————————, for defendant.

BOTTS, J.—This case is submitted upon an agreed statement of facts, from which it appears that the plaintiff claims of the defendant the sum of two thousand one hundred dollars, for one hundred and forty convictions for misdemeanor, prosecuted in the Recorder's Court of the city of Sacramento, upon which execution has issued against the con-

victs with return of *nulla bona.*   These convictions were had between the 9th of October, 1855, and the 21st of March, 1855.

The plaintiff, who it is admitted was, and is, the District Attorney for the county of Sacramento, claims that he is entitled to a fee of fifteen dollars upon each of these convictions, and alleges that such fees are made by law, a county charge.  Upon him devolves the burden of establishing his claim.

I have examined carefully the statutes supposed to sustain the plaintiff's demand against the county, without being able to find in them any thing to support the charge.

Part VII, of the " Act to regulate proceedings in criminal cases," (see Comp. Laws, p. 7,) fixes the fees of Peace Officers, Sheriffs, Jurors, Justices, and District Attorneys.   Section 694, makes all these fees, except those of District Attorneys, which seem to be admitted *ex industria,* when they cannot be collected of the defendant, a county charge.

That the fees of the District Attorney are intentionally excepted from the operation of this section, is an inference greatly strengthened by an examination of the next section.   Section 695, provides for the refunding to the County Treasury of these fees by all salaried officers, except District Attorneys.   The legitimate conclusion is, that this class is exempted from the general rule, because their fees alone are not guaranteed by the county.   In other words, that the county guarantees these fees to no salaried officer.

Again, the first section of the Act concerning Salaries, (see Comp. Laws, p. 873,) provides expressly that the *salary* of District Attorneys shall be paid out of county funds, carefully omitting to make the same provision for his perquisites.

The other statutes cited in the brief of the plaintiff, throw no light upon the subject, and I think it must be admitted that those commented on, if they do not ignore the plaintiff's claim, do not suffice to establish it.

I lay no stress upon the fact that the Legislature afterwards passed a law making, for the future, these fees a county charge.

Upon the facts agreed, I find, as matter of law, that the defendant is entitled to judgment.

Let the judgment be entered accordingly.